Donald Leo **BEANER** and Gloria M. Beaner, husband and wife, Plaintiffs,

v.

**UNITED STATES of America, United States Department of Agriculture, a/k/a Farmers Home Administration, a/k/a Farm Services Agency, Defendants.**

No. CIV. 03–4166.

United States District Court, D. South Dakota, Southern Division.

Feb. 28, 2005.

Donald Leo Beaner, Parker, SD, Pro se.

Gloria M. Beaner, Parker, SD, Pro se.

Jan Leslie Holmgren, U.S. Attorney's Office, Sioux Falls, SD, for Defendants.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

Pending before the Court are Plaintiffs' motion to amend complaint, their renewed motion for temporary restraining order and preliminary injunction, and a motion for the Court to determine whether service has been perfected. (Docs.14, 25.) Also pending are Defendants' Motion to Dismiss and Motion for Sanctions. (Docs.21, 23.) For the reasons stated below, Plaintiffs' motions will be denied and Defendants' motions will be granted.

## BACKGROUND

The Plaintiffs, Donald Beaner and Gloria Beaner ("Plaintiffs"), filed this civil rights action against the Defendants on June 24, 2003, seeking a temporary restraining order, declaratory and injunctive relief.

Plaintiffs claim that the government is foreclosing on Plaintiffs' property unlawfully and based on a fraudulent mortgage. Plaintiffs state that "at no time after having pledged their real property as collateral for a loan guaranteed by the defendants, did Plaintiffs ever receive any legal tender or real money defined by Art. 10 Sec. 1 of the United States Constitution, in exchange for them putting up their property as collateral for the loan/mortgage the defendants are now claiming Plaintiffs' to be in default of." Plaintiffs apparently are claiming that since legal tender is gold or silver, and they received neither gold nor silver from the Defendants for their loan, the mortgage is void. Implicit in this claim is the idea that Plaintiffs received credit and money, but not gold or silver in return for their note and mortgage.

On July 3, 2003, Plaintiffs moved for a temporary restraining order or a preliminary injunction enjoining the Defendants from foreclosing or otherwise selling real property and farm equipment belonging to the Plaintiffs. Plaintiffs claimed that the Defendants were going to sell Plaintiffs' property on July 11, 2003. Defendants filed a Motion to Dismiss on July 8, 2003. The Declaration of Arnold Claeys submitted with the Motion to Dismiss showed that foreclosure proceedings had not been initiated and no sale was scheduled for Friday, July 11, 2003. Plaintiffs' motion for temporary restraining order or preliminary injunction was denied. (Doc. 8.)

Defendants sought Rule 11 sanctions against Plaintiffs, arguing that Plaintiffs knew a mortgage foreclosure sale was not scheduled for July 11, 2003, yet they asserted that it was. This Court found that, based on a letter Plaintiffs received from Defendants indicating that the government intended to sell their land by public sale after July 11, 2003, with or without court action, it was not unreasonable for Plain-

tiffs to believe a sale could take place on July 11, 2003. Sanctions were denied. (Doc. 12.) This Court went on to warn Plaintiffs about the possibility of sanctions being imposed in the future:

> The Court does not take lightly Plaintiffs' pattern of filing frivolous lawsuits, and it appears that the claims remaining in Plaintiffs' present lawsuit are frivolous and subject to dismissal. Plaintiffs assert that the mortgage they signed was fraudulent and that they did not receive legal tender as consideration for their mortgage. Plaintiffs apparently are claiming that legal tender is gold and silver and, because they received neither gold nor silver from the Defendants for their loan, the mortgage is void. Plaintiffs ask this Court to find unconstitutional the laws passed by Congress declaring United States currency to be legal tender. This Court has previously rejected a similar argument. *See United States v. Schiefen,* 926 F.Supp. 877, 881 (D.S.D.1995) (rejecting the plaintiff's argument that United States currency is unbacked paper), *aff'd* 81 F.3d 166, 1996 WL 148566 (8th Cir. 1996) (table). The District of Columbia rejected this same claim made by Plaintiff Donald Beaner in *Beaner v. United States of America,* Civ. 02–1933. If Plaintiffs were to properly serve the Complaint on Defendants and if Defendants were to file a motion to dismiss the remaining allegations in Plaintiffs' Complaint, it appears that the motion would be granted. The Court will allow Plaintiffs an opportunity to dismiss their Complaint in this case in order to avoid the possibility of sanctions being imposed for filing the claims that remain in this case.

(Doc. 12.) The Court's Order directed Plaintiffs to advise the Court whether or not they would voluntarily dismiss their Complaint. (*Id.*) Plaintiffs' responded that they will not dismiss their Complaint. (Doc. 14.) Indeed, Plaintiffs ask to amend the Complaint because Defendants have filed a foreclosure action against them. *See United States v. Beaner,, et al.,* Civ. 04–4041. In addition, Plaintiffs renewed their motion for a temporary restraining order and/or preliminary injunction. Defendants' pending motions to dismiss and for sanctions followed.[1]

## DISCUSSION

I. Plaintiffs' Motions

   A. Motion for Temporary Restraining Order and/or Preliminary Injunction

▆▆▆ Plaintiffs wish to enjoin Defendants from foreclosing or otherwise selling real property and farm equipment belonging to Plaintiffs. In determining whether to issue a temporary restraining order or a preliminary injunction, the Court ordinarily must consider the following factors: (1) the threat of immediate irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 113 (8th Cir.1981); *S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condominium Project,* 877 F.2d 707 (8th Cir.1989) (standard for a temporary restraining order is the same as standard for preliminary injunction). Irreparable harm is not present because no sale of Plaintiffs'

---

**1.** Based on submissions received from Plaintiffs, it appears that Defendants admitted service of the Complaint, and Defendants do not claim that they have not been served. Thus, the Plaintiffs' motion for the Court to determine whether service has been perfected will be denied as moot.

property can take place unless this Court issues a judgment and decree of foreclosure in Civ. 04–4041. In addition, now that a foreclosure action has been filed, Plaintiffs will have an opportunity to assert any legal defenses to foreclosure in that action. Thus the Court finds that Plaintiffs have failed to demonstrate irreparable harm, and the motion for a temporary restraining order and/or preliminary injunction will be denied.

## B. Motion to Amend Complaint

■■■■ Plaintiffs request permission to amend their Complaint because the government has filed a foreclosure action against them. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Unless there is a good reason for denial, "leave to amend should be granted." *Brown . v. Wallace*, 957 F.2d 564, 566 (8th Cir.1992). Although Rule 15(a) allows liberal amendment, the Court has discretion whether or not to grant leave. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.1998) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

■ The proposed amendment to the Complaint would be futile. The filing of a foreclosure action by the government does not give rise to a claim against the United States. In addition, granting the motion to amend would prejudice the United States by requiring it to litigate the same foreclosure issues in two separate cases. Plaintiffs' motion to amend their Complaint asserts frivolous claims and the motion will be denied. *See, e.g., Becker v. University of Neb. at Omaha*, 191 F.3d 904, 907–08 (8th Cir.1999) ("a motion to amend should be denied on the merits only if it asserts clearly frivolous claims or defenses") (internal punctuation and quotation omitted).

## II. Defendants' Motions

### A. Motion to Dismiss

Defendants ask the Court to dismiss Plaintiffs' Complaint. The claims remaining in the Complaint challenge the legality of currency. As stated earlier, Plaintiffs ask this Court to find unconstitutional the laws passed by Congress declaring United States currency to be legal tender. They assert that the mortgage they signed was fraudulent because they did not receive legal tender as consideration for their mortgage.[2]

■ The District of Columbia rejected this same claim made by Plaintiff Donald Beaner in *Beaner v. United States of America*, Civ. 02–1933.[3] This Court rejected similar claims which were raised in defense to a foreclosure action in *United States v. Schiefen*, 926 F.Supp. 877 (D.S.D. 1995), *aff'd* 81 F.3d 166, 1996 WL 148566 (8th Cir.1996) (table). Schiefen argued

---

**2.** Plaintiffs apparently are claiming that legal tender is gold and silver and, because they received neither gold nor silver from the Defendants for their loan, the mortgage is void.

**3.** A copy of the District of Columbia Court's Memorandum Opinion in this case was included as an attachment to the Defendants' memorandum in support of its first motion to dismiss filed on July 8, 2003. (Doc. 7.)

that there was insufficient consideration securing the promissory note he signed because the FmHA loaned funds by "creating 'money' of INtangible [sic] value by a bookkeeping entry[.]" *Id.* at 880. Schiefen alleged that United States currency is "irredeemable, unbacked paper." *Id.* This Court dismissed Schiefen's claims, noting that they had been rejected by numerous courts. *See id.* at 881. The similar claims asserted by Plaintiffs in this case also necessitate dismissal for failure to state a claim. *See, e.g., Juilliard v. Greenman,* 110 U.S. 421, 448, 4 S.Ct. 122, 28 L.Ed. 204 (1884) ("Congress is authorized to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes, as regards the national government or private individuals"); *Edgar v. Inland Steel Co.,* 744 F.2d 1276, 1278 n. 4 (7th Cir.1984) (per curiam) (rejecting argument that "federal reserve notes are not money"); *Foret v. Wilson,* 725 F.2d 254, 254–55 (5th Cir.1984) (per curiam) (rejecting argument that "only gold and silver coin may be constituted legal tender").

### B. Motion for Sanctions

▮▮▮▮ Defendants request that sanctions be imposed against Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specially so identified, are reasonable based on a lack of information, or belief.

Fed.R.Civ.P. 11. "Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree." *O'Connell v. Champion Int'l Corp.,* 812 F.2d 393, 395 (8th Cir.1987). The central issue is "whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." *Id.* The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney or unrepresented party. *See N.A.A.C.P. Special Contribution Fund v. Atkins,* 908 F.2d 336, 339 (8th Cir.1990)("In determining whether a violation of Rule 11 has occurred, the district court must apply an 'objective reasonableness' standard.") A plaintiff's "subjective belief and pro se status ... do not insulate him from the reach of Rule 11." *Carman v. Treat,* 7 F.3d 1379, 1382 (8th Cir.1993). *See also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 544–55, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (explaining that Rule 11 applies both to parties who are represented by counsel and to pro se parties as well). As some courts have stated, one can no longer avoid "the sting of Rule 11 sanctions by operating under the guise of a

pure heart and empty head." *Smith v. Ricks,* 31 F.3d 1478, 1488 (9th Cir.1994)(quoting *Zuniga v. United Can Co.,* 812 F.2d 443, 452 (9th Cir.1987)).

■ The facts of this case justify Rule 11 sanctions. Plaintiffs have challenged the legality of United States currency in a number of lawsuits, and all of those challenges have been rejected. As stated earlier, in its Memorandum Opinion and Order of March 31, 2004, this Court informed Plaintiffs that their allegations regarding the payment of legal tender were frivolous, and Plaintiffs were given an opportunity to voluntarily dismiss their Complaint to avoid the possibility of sanctions. Plaintiffs informed the Court that they have no intention of dismissing their Complaint and, in fact, they want to amend it. In *Coleman v. Commissioner of Internal Revenue,* 791 F.2d 68 (7th Cir.1986), the Seventh Circuit imposed sanctions in the amount of $1,500 against tax protester plaintiffs who raised frivolous arguments. The Seventh Circuit stated, in part:

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments.... An obtuse belief-even if sincerely held-is no refuge, no warrant for imposing delay on the legal system and costs on one's adversaries. The more costly obtuseness becomes, the less there will be.

*Id.* at 72. This reasoning is applicable here. Plaintiffs may sincerely believe that United States currency is not legal tender, but they knew when they chose to continue pursing this claim that it had been rejected previously by this and other Courts. Thus, Plaintiffs will pay sanctions for trying to litigate the same frivolous issue time and again. Accordingly,

IT IS ORDERED:

(1) that Plaintiffs' Motion to Amend, Renewed Motion for Temporary Restraining Order and/or Preliminary Injunction, and Motion for Court determination of perfected service are denied (Docs.14, 25);

(2) that the Defendants' Motion to Dismiss and Motion for Sanctions are granted; (Docs.21, 23); and

(3) that each plaintiff shall pay $500 apiece, for a total of $1,000 as a sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure. Payment shall be made to the Clerk of Court, 400 S. Phillips Avenue, Sioux Falls, SD 57104, no later than April 29, 2005.