OPINION
{¶ 1} This is an appeal by defendant-appellant, Theresa Ward, from a judgment of the Franklin County Court of Common Pleas denying appellant's motion to vacate.
 {¶ 2} On September 9, 2005, plaintiff-appellee, Wells Fargo Bank, as successor to Wells Fargo Home Mortgage, Inc., filed a complaint in foreclosure, alleging that appellant was in default on a promissory note secured by a mortgage on certain real property. The complaint alleged a balance due in the amount of $65,902.74, plus interest [D1] and costs. Appellee attached to the complaint a copy of the promissory note and the mortgage deed.
 {¶ 3} On October 6, 2005, appellant filed a pro se motion to dismiss, also styled as an "Answer," asserting in part that appellee's "exhibit `A' was a mere copy that a note may exist," and that "[o]nly a certified copy of the original by an in camera inspection would prove that plaintiff is holder in due course." Appellant's motion/answer also requested that the trial court dismiss the action because "payment in full was rendered September 5, 2005."
 {¶ 4} On November 10, 2005, appellee filed a response to the motion to dismiss, as well as a motion for summary judgment. Attached to appellee's motion for summary judgment was the affidavit of Joe Edlund, an "Attorney in Fact of EMC Mortgage Corporation as servicing agent for Wells Fargo Bank[.]" In the affidavit, Edlund averred that appellee was the holder of a note and mortgage, and that appellant was in default under the terms of those instruments. Attached to the motion for summary judgment were copies of a note and mortgage, as well as a payment history/schedule.
 {¶ 5} On November 23, 2005, appellant filed a "Brief in opposition" to appellee's motion for summary judgment. In her brief, appellant set forth an "affidavit," averring that she was not in receipt of any documents verifying that appellee was the holder of a promissory note, or verifying that she was in default on such note. Appellant also averred that she was not in receipt "of any document that my payment in full has been dishonored or proof of claim from the Secretary of the Treasury." Attached to appellant's brief was a copy of a document titled "International Bill of Exchange [UNCITRAL Convention]."
 {¶ 6} On December 15, 2005, appellee filed a response to appellant's brief. Appellee also requested that the trial court strike appellant's "affidavit" to her brief on the basis that it was not notarized.
 {¶ 7} On January 5, 2006, the trial court filed an entry granting appellee's motion for summary judgment. On February 14, 2006, appellant filed a "Rule 52 Motion for findings of facts and conclusions of law." In the motion, appellant asserted that the judgment of foreclosure "is void on its face, and as has been repeatedly ruled by the Oklahoma Supreme Court, is worthless, conveying no right, title, or interest." On April 18, 2006, the trial court filed a decision and entry denying appellant's motion for findings of fact and conclusions of law.
 {¶ 8} The subject property was subsequently sold at a sheriff's sale; on May 4, 2006, the trial court filed a journal entry confirming the sale. On May 11, 2006, appellant filed a "petition in the nature of a motion to vacate a void judgment."
 {¶ 9} In the motion, appellant asserted that: (1) the trial court "interfered with Defendant's contract rights by issuing said judgment"; (2) that appellee "did not produce the in-camera inspection of the original wet ink promissory note"; and (3) that appellee "gave no facts or documents to prove they still hold, or ever did hold the original promiss[o]ry note." Appellee filed a response to appellant's motion on May 17, 2006, asserting that appellant had failed to show any meritorious defense of the foreclosure, nor any grounds for relief under Civ. R. 60(B). By entry filed July 11, 2006, the trial court denied appellant's "petition in the nature of a motion to vacate a void judgment."
 {¶ 10} On appeal, appellant sets forth the following single assignment of error for this court's review:
 The lower court erred by denying Appellant's Petition in the Nature of a Motion to Vacate a Void Judgment.
 {¶ 11} In her pro se appellate brief, appellant acknowledges that she entered into a financing agreement with appellee, including a promissory note and mortgage. Appellant argues, however, that "[a]t no time in this mortgage transaction did the Appellant receive any real money that is legal tender in America from Appellee as contemplated by the loan agreement." Appellant contends that "without color of right, and in violation of the Constitution and Federal Acts, Appellee created money out of nothing, and for purposes of defrauding the Appellant, used the `created' money and fraudulently entered same into the Appellant's account as a `loan' charged to the Appellant equivalent to the promissory note received by the Appellant." Appellant further argues that appellee loaned "[n]o money or substance of any value" to her, rather, she asserts "merely bookkeeping and computer entries were `loaned.'"
 {¶ 12} Appellant requests that this court "[i]ssue a declaration" that the loan and mortgage agreements are void for lack of consideration. Appellant further requests a declaration that appellee has no standing to bring this action, and that any alleged debts incurred by appellant be hereby discharged.
 {¶ 13} In the instant case, the trial court denied appellant's "petition in the nature of a motion to vacate a void judgment" on the basis that she failed to state a meritorious defense to the foreclosure; additionally, the court found that appellant failed to show she was entitled to relief under one of the grounds set forth in Civ. R. 60(B)(1) through (5).
 {¶ 14} In order to prevail on a motion for relief from judgment, pursuant to Civ. R. 60(B), a movant is required to demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment was entered or taken. GTE Automatic Elec., Inc. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 15} The question whether relief should be granted is addressed to the sound discretion of the trial court. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. Thus, an appellate court reviews a trial court's denial of a Civ. R. 60(B) motion under an abuse of discretion standard. Medina Supply Co., Inc. v. Dig It Foundations,Ltd. (Apr. 3, 2002), Summit App. No. 20685.
 {¶ 16} Upon review, we find no abuse of discretion by the trial court in denying appellant's motion to vacate. At the outset, we agree with appellee's contention that appellant seeks to raise issues on appeal that she did not bring before the trial court. In general, "a party cannot raise issues for the first time on appeal that were not raised below." Home Savings Loan Co. v. Captiva Hong Kong, Ltd., Mahoning App. No. 03 MA 167, 2004-Ohio-6375, at ¶ 32. We further note that appellant did not appeal from the trial court's grant of summary judgment, and "a motion for relief from judgment pursuant to Civ. R. 60(B) may not be used as a substitute for a timely appeal."Manigault v. Ford Motor Co. (1999), 134 Ohio App.3d 402, 412.
 {¶ 17} Even assuming that the issues appellant now raises on appeal had been properly preserved for review, appellant would still be unable to demonstrate a meritorious defense or that she was entitled to relief under one of the grounds set forth in Civ. R. 60(B). As noted above, appellant contends that the agreements she entered into with appellee are void because she did not receive any "legal tender," and because nothing of value was loaned to her; rather, appellant maintains the transaction by appellee was based upon a mere bookkeeping entry.
 {¶ 18} Courts in other jurisdictions have consistently rejected this "so-called `vapor money' theory." Frances Kenny Family Trust v. WorldSavings Bank, FSB (N.D.Cal. Jan. 19, 2005), No. C 04-03724 WHA, unreported. In Demmler v. Bank One, NA (S.D.Ohio Mar. 9, 2006), No. 2:05-CV-322, unreported, in which the defendants made a similar argument as appellant in the instant appeal, that court discussed this theory as follows:
 * * * [T]he Court concludes that the complaint is utterly frivolous and lacks any legal foundation whatsoever. * * * Suffice it to say that all of Plaintiff's claims * * * stem from the same basic premise. Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that Bank One took his "money," i.e., the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that Bank One did not actually have the funds available to lend to him, but instead "created" the money through its bookkeeping procedures. He further argues that because Bank One was never at risk, and provided no consideration, the promissory note is void ab initio, and Defendants' attempts to foreclose on the mortgage are therefore unlawful.
 Plaintiff offers no authority for this patently ludicrous argument. Similar arguments have been rejected by federal courts across the country. See Frances Kenny Family Trust v. World Savings Bank, No. C04-03724 WHA, 2005 WL 106792
(N.D.Cal. Jan. 19, 2005) (sanctioning plaintiffs and rejecting their "vapor money" theory); Carrington v. Federal Nat'l Mortgage Ass'n,
No. 05-cv-73429-DT, 2005 WL 3216226, at 3
(E.D.Mich. Nov. 29, 2005) (finding "fundamentally absurd and obviously frivolous" plaintiff's claim that the lender unlawfully "created money" through its ledger entries); United States v. Schiefen, 926 F.Supp. 877, 880-81 (D.S.D. 1995) (rejecting arguments that there was insufficient consideration to secure the promissory note, and that lender had "created money" by means of a bookkeeping entry); * * * Rene v. Citibank, 32 F.Supp.2d 539, 544-45 (E.D.N.Y. 1999) (rejecting claims that because lender did not have sufficient funds in its vault to make the loan, and merely "transferred some book entries," the lender had created illegal tender).
 {¶ 19} In addition to rejecting arguments that creditors have created "vapor" money through bookkeeping entries, courts have further rejected the "legal tender" argument also raised by appellant in this case. See, e.g., Thiel v. First Federal Savings Loan Assoc. of Marion (N.D.Ind. 1986), 646 F.Supp. 592, 596 ("A check issued by a mortgagee need not be `legal tender' for the loan to be valid. Far from suggesting any fraudulent conduct, the drafts issued by the Savings and Loan in this case accomplished the only conceivable purpose of the transaction: they allowed [plaintiff] to buy the properties at issue"); Rene v.Citibank (E.D.N.Y. 1999), 32 F.Supp.2d 539, 544 ("there is no requirement that a loan must be made with legal tender before a court will deem it valid"); Nixon v. Individual Head of the St. JosephMortgage Co. (N.D.Ind. 1985), 615 F.Supp. 898, 900 ("a bank or mortgage company check can be converted into legal tender. * * * It represents a liability of the company, so that the Mortgage Company has in fact given something of value — it's promise to pay the face amount of the check").
 {¶ 20} Based upon the foregoing, appellant did not present a meritorious defense, nor show she was entitled to relief under any of the grounds set forth under Civ. R. 60(B), and the trial court did not err in denying the motion to vacate. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
SADLER and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.